135 N.J. Super. 578 (1975)
343 A.2d 817
IN THE MATTER OF THE ESTATE OF JACK EDWARD GARVER, DECEASED.
ELIZABETH GARVER, PETITIONER-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1975.
Decided July 15, 1975.
*579 Before Judges CARTON, CRANE and KOLE.
Mr. Barry I. Fredericks argued the cause for petitioner-appellant.
The opinion of the court was delivered by CARTON, P.J.A.D.
Elizabeth Garver brought this action in the Chancery Division to obtain a determination that her late husband, Jack Edward Garver, had effectively revoked his will. She sought to be designated administratrix of the estate or, in the alternative, to be named executrix under the will. The trial judge, applying New Jersey law, held that the will had not been revoked and refused to designate Mrs. Garver as either administratrix or executrix. This appeal followed.
*580 The will in question, which named decedent's then wife, Laura Ellen Garver, as executrix and left her the bulk of the estate, was executed in 1958 in Tennessee when decedent was a resident of that state. In July 1971 decedent and Laura Garver obtained a judgment of divorce in Tennessee and entered into a property settlement. Under the settlement each party released the other from "any obligations that may exist or occur in the future by virtue of the marital relationship or otherwise." Decedent later married Elizabeth Garver and they then moved to New Jersey for reasons of employment.
Decedent is survived by his present wife and by his former wife, and by two children of the first marriage, Betty Lee Elliott, 25, and Jack Michael Garver, 20.
The trial judge found that the estate consisted solely of personal property, all of which is located in Tennessee and New York.
Under Tennessee law a divorce accompanied by property settlement serves to revoke a prior existing will in favor of the former spouse. Rankin v. McDearman, 38 Tenn. App. 160, 270 S.W.2d 660 (App. Ct. 1953). New Jersey law is to the contrary. Revocation of a will can be accomplished only by one of the methods provided by statute. In re Spiegelglass, 48 N.J. Super. 265 (App. Div. 1958). The statute, N.J.S.A. 3A:3-3, provides that a will may be revoked by burning, cancelling, tearing or obliterating the will, executing a new will or codicil, or a written revocation executed in the same manner as required for a will.
N.J.S.A. 3A:3-3 embodies a strong policy against implied revocation of wills. In re Santelli, 28 N.J. 331 (1958). And it has long been settled that a divorce will not work an implied revocation of a will. Murphy v. Markis, 98 N.J. Eq. 153 (Ch. 1925), aff'd o.b. 99 N.J. Eq. 888 (E. & A. 1926). Consequently, if the policy against implied revocation is applicable in this case, the will has not been revoked.
In ordinary circumstances the rule is that the law of testator's domicile at time of death governs in determining *581 a will's validity as to the disposition of personal property. Guaranty Trust Co. of N.Y. v. Stevens, 28 N.J. 243 (1958). Although testator here was a New Jersey domiciliary at the time of his death, we conclude that in the special circumstances of this case justice requires that we refrain from applying the New Jersey law of revocation. To hold otherwise would work an injustice by frustrating the clear expectations of testator.
This problem is discussed at 2 Restatement, Conflict of Laws 2d, § 263 at 122-124 (1974):
Comment i
* * * [T]he courts of the state where the testator was domiciled at time of death would usually refrain from applying their own local law, or would apply the local law of another state, in situations where to do otherwise would defeat the expectations of the testator.
It is clear from the record that testator believed that the will in favor of his first wife had been effectively revoked. He had been specifically advised to that effect by his Tennessee counsel at the time of the divorce. He subsequently informed Elizabeth Garver that he was intestate as a result of the divorce and property settlement. Although given notice of these proceedings, the first wife has chosen not to contest the effort to hold the will revoked. This fact strongly suggests that she, too, understood that she would not share in decedent's estate. Also significant is the fact that decedent's children are not adversely affected by revocation. They take nothing under the will but would be eligible for their intestate shares upon revocation.
Recognition of the Tennessee revocation best serves the interests of all parties. By contrast, no substantial New Jersey interest is jeopardized by a refusal to apply New Jersey law. None of decedent's property is located in New Jersey, but is in Tennessee and New York. The sole beneficiary under the will, who as we have noted asserts no claim, is not a resident of this State.
*582 Nor, in the circumstances of this case, does a refusal to apply New Jersey law violate the policy underlying N.J.S.A. 3A:3-3. As Justice Francis noted in In re Santelli, supra, the revocation statute is essentially a statute of frauds. But here recognition of the implied revocation by divorce creates neither the possibility of misinterpretation nor the opportunity for misrepresentation. Under Tennessee law, which controlled at the time of divorce, the divorce and property settlement have the unambiguous consequence of revocation of the will. The evidence is clear that the parties were aware of, understood, and accepted that consequence.
Our conclusion makes it unnecessary to consider the anomaly which arises if an effectively revoked will is said to be revived solely because the testator subsequently establishes domicile in another jurisdiction.
The judgment appealed from is reversed.